IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH MELVIN CHERCH, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-00662-RAH |
| | ) | |
| JOY PACE BOOTH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 21, 2025, Plaintiff Kenneth Melvin Cherch initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Cherch alleges civil rights violations by Defendants Elmore County Circuit Court Judge Joy Pace Booth, Assistant District Attorney Mandy Johnson, and Defense Attorney Richard Lively during the course of his ongoing state criminal proceedings. As relief, Cherch requests an order removing them from his criminal case and $1.5 million in damages.

For the reasons stated below, the Court will dismiss Cherch's complaint without prejudice, pursuant to 28 U.S.C. §§ 1915 and 1915A.

## LEGAL STANDARD

The Prison Litigation Reform Act (PLRA), as partially codified at 28 U.S.C. § 1915A, requires this Court to screen prisoners' complaints against government officers or employees. The Court must dismiss a complaint (or any portion of a complaint) that is frivolous or malicious, that seeks money damages from a defendant who is immune from monetary relief, or that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a). In applying this standard, the

Court can sua sponte dismiss a prisoner's complaint prior to service on the defendant. *See id.*; 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court can dismiss a claim as "frivolous where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where a defendant is immune from suit, or where the claim seeks to enforce a legal right that clearly does not exist. *Id.* at 327; *see also* 28 U.S.C. § 1915(e)(2)(B)(iii); 28 U.S.C. § 1915A(b)(2).

In addition, under § 1915(e)(2)(B)(ii) and § 1915A(b)(1), the Court can dismiss the complaint for failure to state a claim upon which relief can be granted. The standard for failure to state a claim under § 1915A(b)(1) is the same as it is under Federal Rule of Civil Procedure 12(b)(6). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (quoting Fed. R. Civ. P. 8(a)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

While Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the claim," the United States Supreme Court has instructed that Rule 8 requires more than "an unadorned, the-defendant-unlawfully-harmed-me" allegation. *Id.*

In this regard, the Court liberally construes a *pro se* pleading. *See, e.g., Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015) (stating the court

should hold a *pro se* pleading to "a less stringent standard than a pleading drafted by an attorney"). Nevertheless, a *pro se* pleading must include sufficient fact allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (quotation marks omitted).

## BACKGROUND

Cherch is a pretrial detainee in the Elmore County Detention Facility. He was indicted on October 4, 2024, for trafficking methamphetamine and possession of drug paraphernalia. His criminal case is ongoing. Judge Joy Booth is the assigned presiding judge over the criminal case, Mandy Johnson is the state prosecutor, and Richard Lively is Cherch's assigned defense attorney. His criminal case was set for trial on November 17, 2025, but the trial was continued after a November 13, 2025, pretrial conference. The criminal case is currently undergoing resolution of a suppression issue and a *pro se* motion to dismiss filed by Cherch.

In his § 1983 Complaint, Cherch claims that Judge Booth has ordered a mental evaluation to keep him in jail because Cherch declined a plea agreement, and that Mr. Lively threatened him when he told Cherch that Judge Booth would give him a life sentence if he did not accept the plea agreement. Cherch goes on to allege that Judge Booth, Ms. Johnson and Mr. Lively are concocting this mental instability accusation as a means of keeping him locked up and that that the Defendants do not have the credentials to make this assessment. As a result, Cherch wants these individuals removed from his criminal case and an award of $1.5 million in damages.

## DISCUSSION

The Court will sua sponte dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A for several reasons.

First, Cherch fails to state a claim against any of the Defendants. His claim for monetary damages against Judge Booth is barred by judicial immunity. It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . .

within the legitimate scope of judicial authority." *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). The proper inquiry is thus whether Judge Booth, as the presider over Cherch's criminal proceedings, was dealing with Cherch in a judicial capacity and whether the conduct alleged clearly fell outside her subject matter jurisdiction. *See Stump*, 435 U.S. at 359–64.

As Cherch makes no allegation that Judge Booth acted in the "clear absence of all jurisdiction," *id*. at 357, the Court must consider whether her actions were of the type normally performed by judges. *Patterson v. Aiken*, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (unpublished table decision). Here, Cherch alleges Judge Booth improperly denied him a speedy trial and ordered a mental health evaluation. (*See* doc. 1.) Cherch provides no details to suggest Judge Booth was either (1) dealing with Cherch in any capacity other than her judicial capacity; or (2) engaging in any conduct that falls outside her subject matter jurisdiction. On the contrary, Judge Booth was acting well within her role as a circuit court judge and assigned presider over Cherch's felony case.

Cherch's claims against Assistant District Attorney Johnson are subject to dismissal because her role as prosecutor entitles her to absolute prosecutorial immunity. "A prosecutor is immune from liability under § 1983 for [her] actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" *Mikko v. City of Atlanta*, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). This absolute immunity shields prosecutors from liability for "actions taken . . . in their role as advocates." *Rehberg*, 566 U.S. at 363; *see also*

4

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (prosecutors are entitled to absolute immunity for all actions taken within their roles as advocates for the government). "The prosecutorial function includes the initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted); *see also Kassa v. Fulton County*, 40 F.4th 1289, 1293–94 (11th Cir. 2022) (analyzing prosecutorial immunity in fact-specific inquiry considering, among other reasons, recall of material witness warrant did not "require[ ] . . . exercise of professional judgment or legal skill"). As Cherch's claims against Johnson rest entirely on her actions taken in the exercise of professional judgment or legal skill as a prosecutor, Cherch fails to state a valid § 1983 claim against her.

Aside from listing Defense Attorney Lively as a defendant and alleging that Lively told Cherch that he could receive a life sentence if he did not accept a plea agreement, Cherch makes no allegations that would in any way suggest that Lively has violated any of Cherch's constitutional rights or otherwise harmed Cherch. For this reason, Cherch has failed to state any valid claim against Lively.

Cherch asks the Court to grant the extraordinary remedy of stepping into his pending criminal case and removing the Defendants from the ongoing criminal case. Cherch is not entitled to this remedy for at least two reasons. First, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). "He must seek federal habeas corpus relief (or appropriate state relief) instead." *Id.* Federal habeas corpus statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Moreover, because Cherch seeks money damages (as well as a new judge, prosecutor and defense attorney), Cherch's claim cannot simply be

5

recharacterized as a habeas corpus claim under 28 U.S.C. § 2241. *See, e.g.*, *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001) (stating that no matter how a litigant labels his pleadings, a court must "look at the kind of relief" sought).

Second, even if Cherch had filed a federal habeas petition, it would be entirely premature. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. *See* 28 U.S.C. §§ 2254(b)(1)(A), (c).[1] "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c); *Tooten v. Shevin*, 493 F.2d 173, 176 (5th Cir. 1974) (explaining that the exhaustion doctrine requires the state court be given an initial opportunity to issue a final and definitive ruling);[2] *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (holding that exhaustion requirement applies to petitions challenging pretrial detention); *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Cherch has made no attempt to invoke any available state court procedures to seek dismissal of his pending charges or to remove the judge, prosecutor or defense attorney.

Moreover, this Court would abstain from hearing this case pursuant to the Supreme Court's opinion in *Younger v. Harris*. 401 U.S. 37 (1971); *see also Johnson*

---

[1] Cherch has not been convicted. As such, federal habeas relief could only be sought under 28 U.S.C. § 2241, not § 2254. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). Nevertheless, the § 2254 exhaustion requirement applies to § 2241 petitions. *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

*v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (explaining that an unexhausted § 2241 petition "is barred for another independent reason: the application of the abstention doctrine under *Younger v. Harris* . . . ."). Under *Younger*, a federal court must ordinarily abstain from interfering with an ongoing state criminal proceeding, unless the petitioner satisfies an exception to the *Younger* abstention doctrine. *Hughes*, 377 F.3d at 1262. "The Supreme Court set out three exceptions to the [*Younger*] abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate, alternative state forum where the constitutional issues can be raised." *McGowan v. Dir. of Miami–Dade Dep't of Corr. & Rehab.*, 2023 WL 7321634, at *1 (11th Cir. June 7, 2023) (citing *Younger*, 401 U.S. at 45, 53-54). "Application of the *Younger* abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceeding." *Lewis v. Broward Cnty. Sheriff Off.*, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021). Nothing in Cherch's Complaint suggests that any of the *Younger* exceptions apply.

The face of Cherch's Complaint shows, therefore, that his claims are unexhausted and are barred by *Younger* abstention.

Finally, a *pro se* detainee ordinarily should be given an opportunity to amend his complaint at least once. *See, e.g.*, *Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). But "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *see also Corbitt v. Wood*, 677 F. App'x 596, 599 (11th Cir. 2017). Here, Cherch seeks to bring a claim that is not cognizable under § 1983 against the Defendants. As a result, any further

amendment to Cherch's complaint would still be subject to dismissal. Thus, because amendment would be futile, the Court will dismiss this action without granting further leave to amend.

Accordingly, it is **ORDERED** as follows:

(1) There will be no evidentiary hearing;

(2) Plaintiff's Motion to Consider (doc. 15) is **DENIED** as moot;

(3) Plaintiff's Motion to Clarify and Reconsider (doc. 19) is **DENIED** as moot;

(4) This action is **DISMISSED** without prejudice;

(5) A separate final judgment will issue; and,

(6) The Clerk of Court is **DIRECTED** to close this case.

**DONE**, on this the 5th day of March 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

8